UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DYNAMIC METALS LLC, *doing business as* Dynamic Aerospace and Defense, | ) ) ) ) |
| Plaintiff, | ) ) |
| | ) Cause No. 3:24-cv-00911-HAB-SLC |
| DANA MARSINETTI, *et al.*, | ) ) |
| Defendants. | ) ) |

**OPINION AND ORDER**

On October 22, 2024, Plaintiff Dynamic Metals, LLC, filed a suit against Defendants in the Elkhart County Superior Court, alleging breach of contract, unfair competition, and other state law claims. (ECF 5). On November 11, 2024, Defendant Dana Marsinetti removed that action to this Court, alleging diversity of citizenship as the basis of jurisdiction under 28 U.S.C. §§ 1332 and 1441(b). (ECF 1 at 3; *see also* ECF 4 (co-defendant's consent to removal)). Subject-matter jurisdiction is the first issue that must be addressed, *Baker v. IBP, Inc.*, 357 F.3d 685, 687 (7th Cir. 2004), and thus, the Court raises the issue sua sponte, pursuant to Federal Rule of Civil Procedure 12(h)(3).

Defendant Marsinetti's allegations in the Notice of Removal are deficient with respect to Plaintiff's citizenship, such that the Court cannot verify whether diversity of citizenship exists. In the Notice of Removal, Defendant Marsinetti alleges the following in support of the claim that Plaintiff's citizenship is Indiana:

> The Complaint does not plead the place(s) of citizenship of any of Dynamic's members. However, Dynamic's corporate documents list Donald Nystrom as Secretary and President. (Exhibit 1 hereto). Upon information and belief, Donald Nystrom is a citizen of the State of Indiana. *Id.* Because Dynamic's sole member is a citizen of the State of Indiana, Dynamic is also a citizen of the State of Indiana for purposes of diversity of citizenship.

(ECF 1 at 3). But "[a]llegations of federal subject matter jurisdiction may not be made on the basis of information and belief, only personal knowledge." *Yount v. Shashek*, 472 F. Supp. 2d 1055, 1057 n.1

(S.D. Ill. 2006) (citations omitted); *see also Am.'s Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992); *Ferolie Corp. v. Advantage Sales & Mktg., LLC,* No. 04 C 5425, 2004 WL 2433114, at *1 (N.D. Ill. Oct. 28, 2004). Furthermore, while Plaintiff may list one person as "Secretary and President" of Dynamic Metals LLC in its business report to the Indiana Secretary of State, the Court has no assurance on this record that Donald Nystrom is, in fact, a member of Plaintiff, much less Plaintiff's sole member.

Defendant Marsinetti's allegations in the Notice of Removal are deficient with respect to Defendant Max TA Group LLC's citizenship as well. Marsinetti alleges that "[t]he two organizers of Max TA are citizens of the State of New York." (ECF 1 at 4). But the citizenship of "organizers" is irrelevant; it is the citizenship of a limited liability company's (LLC) members that matter.[1]

Accordingly, as the party seeking to invoke federal diversity jurisdiction, Defendant Marsinetti bears the burden of demonstrating that the requirement of complete diversity has been met. *Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997). Thus, Defendant Marsinetti is AFFORDED to and including December 2, 2024, to file a supplemental jurisdiction statement that properly alleges each party's citizenship, including identifying the name of each member of an LLC and such member's citizenship. Defendant Marsinetti is ORDERED to file her Federal Rule of Civil Procedure 7.1(a)(2) disclosure statement on or before December 2, 2024, as well.

SO ORDERED.

Entered this 26th day of November 2024.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge

---

[1] Defendant Max TA Group, LLC, has since bridged this jurisdictional gap by identifying its two members and their citizenship in its disclosure statement. (ECF 7).